**FILED**

**JULY 16, 2007**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

_____

| | | |
|---|---|---|
| RUBEN NARANJO BALDIVIA, PRO SE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0138 |
| | § | |
| HONORABLE ROBERT W. KINCAID, JR., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

On July 10, 2007, the instant cause was received by transfer from the United States District Court for the Northern District of Texas, Dallas Division, to the United States District Court for the Northern District of Texas, Amarillo Division.  Plaintiff RUBEN NARANJO BALDIVIA, acting *pro se*, has filed suit pursuant to Title 42, United States Code, section 1983 challenging the state court denial of his petition for expunction of a 1985 murder charge of which he was acquitted.  Plaintiff argues he was acquitted by a jury in Swisher County on April 14, 1986 and was charged that same day with burglary of a habitation, for which he was found guilty on August 6, 1987.  Plaintiff states that, in denying his petition for expunction of the murder charge, the state court found the burglary of which plaintiff was convicted was committed pursuant to the same transaction involving the murder charge.  Plaintiff further states the denial of his petition for expunction was affirmed on appeal.

Plaintiff alleges the murder charge in his records has resulted in the denial of parole and of various privileges and opportunities offered in the prison system.

Plaintiff seeks declaratory judgment, "declaring whether a person thats [sic] acquitted by a jury trial held in a State Court of competent jurisdiction mandated by the Texas State

Constitution, is able to obtain the expunction of the criminal record of the offense for which he was legally and fully [sic] acquitted."  Plaintiff also says he seeks declaratory judgment "to determine whether the procedure used to denied [sic] this plaintiff expunction of the Murder charge and arrect [sic] is in all things Constitutional or Unconstitutional" and comports with the due process and equal protection clauses of the Fourteenth Amendment.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendant.

## THE LAW AND ANALYSIS

"[L]itigants may not obtain review of state court actions by filing complaints about those

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

actions in lower federal courts case in the form of civil rights suits." *Hale v. Harney*, 786 F.2d

688, 691 (5th Cir. 1986).  Federal courts have no power to direct state judicial officials in the

performance of their functions.  *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d

1275, 1276 (5th Cir. 1973).  Moreover, plaintiff has pointed to no aspect of the proceedings on

his petition for expunction, in either the trial court or the court of appeals, which was in violation

of either equal protection or due process and has, therefore, failed to state a claim on which relief

can be granted.

Judges enjoy absolute immunity for judicial  acts performed in judicial proceedings.

*Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967).  "A judge

will not be deprived of immunity because the action he took was in error, was done maliciously,

or was in excess of his authority; rather, he will be subject to liability only when he has acted in

the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099,

1105, 55 L.Ed.2d 331 (1978)(quoting *Bradley v. Fisher*, 13 Wall (80 U.S.) 335, 351, 20 L.Ed.

646 (1872)).  Plaintiff's only complaint against the defendant is that he may have erred in his

ruling on plaintiff's petition for expunction.  This action by the defendant clearly falls within the

scope of acts protected by absolute immunity.  Consequently, plaintiff's claim lacks an arguable

basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d

338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as

Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42,

United States Code, section 1983, by plaintiff RUBEN NARANJO BALDIVIA is DISMISSED

WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON

WHICH RELIEF CAN BE GRANTED.

To the extent plaintiff has asserted claims sounding in habeas corpus, such claims are

DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first

class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S.

District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  16th  day of July, 2007.


/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE